Jack G. KENNEDY, Appellant,

v.

TEXOMA BROADCASTERS, INC., and
David H. Brown, Appellees.

No. 18272.

Court of Civil Appeals of Texas,
Dallas.

March 20, 1974.

———◆———

Robert W. Minshew, Sherman, for appellant.

Roy L. Barrett, J. Rodney Lee, Naman, Howell, Smith & Chase, Waco, for Texoma Broadcasters, Inc.

Ralph E. Hartman, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for David H. Brown.

CLAUDE WILLIAMS, Chief Justice.

Appellant Jack G. Kennedy brings this appeal from a take-nothing summary judgment in his action for libel against Texoma Broadcasters, Inc. and David H. Brown. The sole question presented is whether appellees have sustained their burden of establishing, by competent summary-judgment evidence, that appellant has no cause of action against them, or either of them, as a matter of law. We hold that neither of appellees has sustained its burden and therefore the summary judgment in favor of both appellees must be reversed.

The material summary-judgment evidence, viewed in a light most favorable to appellant Kennedy, may be summarized as follows:

Appellee David H. Brown is Judge of the 59th Judicial District Court of Texas. At the time of the alleged libel made the basis of this lawsuit, Judge Brown was a candidate for re-election to the office of District Judge. In March 1972, Mrs. Houston Nance, as plaintiff, represented by the law firm of Kennedy & Minshew, of Sherman, Grayson County, Texas, filed suit in a district court of Grayson County against Judge David H. Brown, as defendant. Appellant Kennedy, as a member of the firm of Kennedy & Minshew, signed the petition as Mrs. Nance's attorney. In this suit it was alleged that Judge Brown had written the will of Mrs. Nance's second cousin, Minetta Kern, and had named himself as executor of the estate of Mrs. Kern. It was alleged that following Mrs. Kern's death Judge Brown, who actually was indebted to Mrs. Kern on two promissory notes, had failed, as executor, to list one of the notes as an asset of the estate. It further alleged that Judge Brown either took the note from the deceased at her home or entered into her safe deposit box and took the note into his possession and either destroyed it or still has it in his possession. The suit alleges that Judge Brown prepared the will and provided that he was a beneficiary; that he had received compensation as executor; and that the estate taxes had not been paid.

Appellee Texoma Broadcasters, Inc., is a television broadcasting company which operates television station KXII, Channel 12, in Sherman, Texas. On its six and ten o'clock p. m. newscasts, on March 16, 1972, the station carried an account on the filing of that lawsuit. At the same time the station broadcast a picture of appellant Jack Kennedy, identifying him as the attorney for Mrs. Nance. The station then broadcast the following taped comment which had been prepared by Judge Brown:

Well, Pat, I don't want to discuss the specific facts of this case, but inheritance taxes, under the laws of Texas, are

payable solely by the beneficiaries and the State has no obligation to pay such taxes. Now I do want to say on this lawsuit that, and I think that most people will recognize, that the key to this lawsuit is the attorney who filed this lawsuit. This lawsuit is a fabrication hatched in the mind of a lawyer so bent on destroying me that he would destroy our whole system of justice if necessary. For more than a year he has waged against me what must be the most unprincipled vendetta that's ever been waged against a District Judge. Now, I don't want to try this case in the newspapers by commenting on the facts, but I will simply say this, that this latest lawsuit is another one of the same type of bogus complaints supported neither by the facts nor by the law.

Following this telecast on the night of March 16, 1972, appellee Texoma agreed to make available to appellant Kennedy equal time in which to make an appropriate response to Judge Brown's statement. On March 17, 1972, an interview with Kennedy was recorded by the station. However, Judge Brown, upon being advised of Kennedy's response, warned the station that the interview contained inflammatory statements and that he intended to hold the station liable if it were broadcast. Texoma then broadcast the following statement:

Last night at 6 and 10, Channel 12 News aired an interview with 59th District Judge, David H. Brown, of Sherman concerning a lawsuit filed against him in 15th District Court at Sherman yesterday. Today attorney Jack G. Kennedy of Sherman recorded a video tape concerning the suit, however the attorneys representing Channel 12 would not allow the tape to be aired because of statement made by Mr. Kennedy. Channel 12 has asked Mr. Kennedy to submit a statement he will use which must be approved by KXII–TV attorneys before airing. As soon as Mr. Kennedy releases the statement for approval, his comments will be aired as is the policy of Channel 12 News.

On March 22, 1972, the television station finally broadcast appellant Kennedy's original taped response to Judge Brown's statement.

■ Kennedy instituted this action against both the broadcasting company and Judge Brown seeking damages for libel because of the statements made by Judge Brown in the telecast over KXII on the night of March 16, 1972.[1] Kennedy alleged that the statements made by Brown, and telecast by Texoma, were and are false and completely untrue; that such statements were made and broadcast intentionally and maliciously and caused plaintiff to suffer both actual and exemplary damages.

Both appellees move separately for summary judgment on the grounds that the statements were protected by the First Amendment as comments on a matter of public concern and public interest, and that there was no evidence of malice. Texoma also claimed that the statements were protected under Tex.Rev.Civ.Stat.Ann. art. 5432 (Vernon 1958) as a presentation of proceedings in a court of justice.

Both of these motions were sustained and judgment rendered that Kennedy take nothing against either of the named defendants.

■ Since the trial court sustained motions for summary judgment filed by the defendants, the question on appeal is not whether the summary-judgment proof raises fact issues with reference to the essential elements of plaintiff's cause of action, but whether the summary-judgment proof establishes as a matter of law that there is no genuine issue of fact as to one

---

1. The broadcasting of defamatory statements read from a script have been held to be libel rather than slander. Gibler v. Houston Post Co., 310 S.W.2d 377 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.) and Christy v. Stauffer Publications, Inc., 437 S.W.2d 814 (Tex.1969).

or more of the essential elements of the plaintiff's cause of action. Texas Rules of Civil Procedure, rule 166–A; Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970). As pointed out in *Gibbs*, until the moving party produces sufficient competent summary-judgment evidence to negate the existence of one or more of the essential elements of plaintiff's cause of action the nonmoving party is not required to come forth with evidence to raise a fact issue.

### Brown's Motion

■ Appellee Brown contends that the statements made by him were protected by the First Amendment to the United States Constitution in that they were comments concerning a matter of public interest. We agree that the filing of the lawsuit against Judge Brown, especially at a time when he was a candidate for re-election, was a matter of genuine public interest and concern. Pursuant to the decisions of the United States Supreme Court in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Time, Inc. v. Hill, 385 U.S. 374, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967); and Rosenbloom v. Metromedia, Inc., 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971), publication of such matters is protected by the First Amendment unless the plaintiff can prove by clear and convincing evidence that the defamatory falsehood was published with knowledge that it was false or with reckless disregard of whether it was false or not. While these cases deal with publications by news media, we can observe no valid reason for the rule to be different when a private individual is charged with making the statements. Therefore, upon trial in this case plaintiff Kennedy would have had the burden of showing that the statements made by Brown were made with knowledge of falsity or with reckless disregard as to whether they were false or not. El Paso Times, Inc. v. Trexler, 447 S.W.2d 403 (Tex.1969). It must be remembered, however, that we are not here dealing with

the judgment following trial on the merits but with a summary judgment granted to defendant. Our Supreme Court in Jackson v. Cheatwood, 445 S.W.2d 513 (Tex.1969) succinctly stated the law applicable to this case, as follows:

> The trial court granted defendant's motion for summary judgment in this libel action, the proof establishing a qualified privilege of the defendant but standing silent as to the presence or absence of actual malice. On trial of the cause, it would be the burden of plaintiff to prove his allegation of actual malice. . . . Since the defendant, though enjoying a conditional privilege, would be liable if actuated by malice, it must fall to him to establish the absence of malice on his motion for summary judgment.

■ To sustain this burden appellee Brown testified by deposition that he felt no malice toward appellant Kennedy. However, this statement of his subjective feelings toward the appellant does not establish that he did not make the statements with knowledge that they were false or with reckless disregard of whether they were false or not. In his deposition appellee Brown does review the petition of Mrs. Nance and states that various allegations are false. These denials, however, cannot establish as a matter of law that the statements made by Brown concerning the appellant were not made with knowledge of falsity or with reckless disregard of whether they were false or not. Even if such denials would support that conclusion, Brown is an interested witness, and such testimony will not support a summary judgment unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach it. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965); Swilley v. Hughes, 488 S.W.2d 64 (Tex.1972). Brown's testimony does not meet this standard. At most it merely raises a fact issue precluding summary judgment.

### Texoma's Motion

■ The rule of law announced in Jackson v. Cheatwood, *supra,* is equally applicable to the motion for summary judgment filed by Texoma. While upon the trial of the case on its merits, the burden would have been upon Kennedy to have established that Texoma published the statements with knowledge that the same were false or with reckless disregard of whether they were false or not, the negative burden thereon fell upon Texoma on a summary-judgment motion. The only testimony offered by Texoma to negative the existence of malice was the deposition evidence of its station manager, Balding, in which he testified that he had no reason to doubt the truthfulness of Judge Brown and since Brown was a candidate for public office the station had no right or power to censor his statements. However, he admitted that the station had the choice of whether or not to telecast the interview by Judge Brown. Again, such testimony comes from an interested witness and is controlled by the authorities cited above. We cannot say that Balding's testimony is of such a nature and character as to come within the exception to the interested witness rule. At the very most we consider Balding's testimony as doing nothing more than creating an issue of fact concerning malice. It falls short of establishing the absence of the essential element of malice as a matter of law.

Furthermore, Balding had no knowledge of the publication of Brown's statements until after the broadcasts. Bob Campbell was the news director of KXII, and the interview was arranged by him. The publication of the interview was his responsibility. There is no summary-judgment evidence before us bearing on the question of whether Campbell had knowledge of falsity of the statements or published them with reckless disregard for whether they were false or not. Since Balding had no prior knowledge of the publication of the statements and we do not have Campbell's deposition, Texoma has not carried its burden of establishing as a matter of law that there was no malice.

Texoma relies heavily upon the case of El Paso Times, Inc. v. Trexler, 447 S.W.2d 403 (Tex.1969). In that case the trial was had before a jury which found that the defendant was not actuated by malice in publishing the statements. The court of civil appeals reversed the trial court judgment because it felt that an incorrect definition had been submitted to the jury. The Supreme Court held that the definition submitted was sufficient to comply with New York Times, Inc. v. Sullivan, *supra,* but went on to hold that under this definition there was no evidence of malice. *Trexler* does not control the disposition of this case. In *Trexler* the Supreme Court analyzed the testimony on the question of malice and held that there was no evidence of malice as a matter of law. In the instant case, however, having to do with the motion for summary judgment presented by the defendant Texoma, we have pointed out that Texoma's effort to negate the existence of the essential element of malice does not meet the requirement of the rule.

It is our opinion, and we so hold, that neither appellee Brown nor Texoma has sufficiently discharged its burden to negative one or more of the essential elements of Kennedy's cause of action. Such being true the trial court should not have sustained either motion for summary judgment.

The judgment of the trial court sustaining the motion for summary judgment of Brown and Texoma is reversed and the cause is remanded to the trial court for further proceeding.

Reversed and remanded.