Wes WISE

v.

**DALLAS SOUTHWEST MEDIA CORPORATION et al.**

No. 8369.

Court of Civil Appeals of Texas, Beaumont.

Dec. 27, 1979.

Rehearing Denied Jan. 31, 1980.

---

George Kolb, B. Prater Monning, III, Dallas, for appellant.

Donald Templin, George Bramblet, Jr., Stanley E. Neely, Stephen Philbin, Mike McKool, Jr., Douglas Cawley, Dallas, for appellees.

KEITH, Justice.

Plaintiff below appeals from an adverse summary judgment rendered in his libel action. At all times material to this suit, plaintiff was the duly elected mayor of the City of Dallas. The publication forming the basis of his claim for damages appeared in the January 1975 issue of "D, The Magazine of Dallas", at a time when plaintiff was preparing for his third successful mayoral campaign.

Plaintiff named the following defendants: (1) Dallas Southwest Media Corporation, corporate publisher of the magazine; (2) Wick Allison, its editor and publisher; (3) Jim Atkinson, the author of the article; and (4) Ray Hunt, a stockholder and director of the corporate publisher.

It is sufficient to state at this point that plaintiff's allegations were clear, concise, and stated a cause of action for libel under the current legal teachings to be discussed hereinafter. Defendants' pleadings were likewise adequate tendering, inter alia, their first amendment privilege, statutory privilege, opinion privilege, truth, etc. After extensive pre-trial discovery, defendants filed their motions for judgment; and, after appropriate notice, such motions were granted, judgment entered for defendants and plaintiff appeals.

■ We have been furnished with excellent briefs by counsel for the parties wherein the leading cases on each facet of the law are discussed in detail.[1] Plaintiff concedes the applicability of the rationale of *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, 95 A.L.R.2d 1412 (1964). He admits that he may not recover upon a trial of the merits by proving falsity and harm alone. As a public official, he admits that he must show actual malice— the publication of untrue statements with knowledge of falsity or with reckless disregard for the truth.

■ Upon this appeal, the parties labor long and hard over the placement of such burden in a case heard under the summary judgment procedure. A fair reading of the briefs of defendants indicates that they take the position that when the individual defendants filed their affidavits stating that they believed that the challenged article was a fair and accurate statement, they disproved actual malice. Or, stated differently, the affidavits established such fact as being true, thereby eliminating the possibility that a trier of facts might come to a contrary conclusion relying upon circumstantial evidence.

Jim Atkinson's affidavit attached to the motion for summary judgment is typical of those filed on behalf of the individual defendants. It reads in part:

"I am the author of 'The Unauthorized Biography of Wes Wise', published in the January 1975 issue of *D, The Magazine of Dallas*. The principal subject of this story was at the time of publication the Mayor of Dallas, Texas. I did not write anything about Wise in the story which I believed to be untrue or false or which I suspected to be untrue or false. At no time prior to the publication of the story did I entertain any doubts about the truth of the statements concerning Wes Wise, made in the story."

---

1. The briefs were prepared before Justice Spears' scholarly opinion in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), discussing the summary judgment rule under the amendment effective in 1978.

A similar affidavit of Wick Allison, president of the corporation and publisher of the magazine is quoted in part in the margin.[2]

The affidavit of Ray Hunt is more detailed and is corroborated by affidavits from Atkinson, Allison, and one James Oberwetter. In substance, Hunt swore that Wise called him asking if the proposed article was one which would "gut" him; Hunt talked with Allison and was assured that such would not be the purpose of the article, and so relayed the news to Wise. Upon this basis, according to Wise, he consented to the interview which formed the basis of the article. Hunt swore that he did not read the article prior to its publication and relied upon the statements of Allison and Oberwetter that the article would be factually true, etc.

Under our view of the record, the cause must be remanded for trial on the merits. Consequently, we refrain from commenting upon issues of fact which remain in the case. One relatively simple fact is sufficient to illustrate our view: The article quoted some unnamed member of the City Council of the City of Dallas as having told the author Atkinson:

"'I think it really took its toll on him,' says a current member of the council. 'Wes was different one day. I think the embarrassment broke him.'"

Five affidavits of council members were attached, each denying he made such a statement; none were filed showing the statement was made by any of the other members of the council.

The question which we must now answer may be stated in these words: Did the 1978 amendment to *Tex.R.Civ.P. 166–A* overturn and render inoperative the holding in *Jackson v. Cheatwood*, 445 S.W.2d 513, 514 (Tex. 1969)?[3] Chief Justice Williams in *Kennedy v. Texoma Broadcasters, Inc.*, 507 S.W.2d 864, 867 (Tex.Civ.App.—Dallas 1974, no writ), followed *Jackson v. Cheatwood*. More importantly, he also collated the cases holding that the defendant's denial of knowledge of falsity and lack of malice, coming from an interested witness, would not support a summary judgment, but raised only an issue of fact for determination at the conventional trial.[4]

The most recent expression on the subject by our Supreme Court is the *Clear Lake Case* (footnote 1, supra), where the Court recognized the continued existence of the rule set out in *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952), as paraphrased in footnote 5:

"The function of the summary judgment is not to deprive a litigant of his right to trial by jury, but to eliminate patently unmeritorious claims and untenable defenses." (589 S.W.2d at 678 n.5)

The rule applicable to this case is also to be found in the *Clear Lake Case*, supra, wherein the Court upheld the continuing vitality of a rule of long standing:

"The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential

2. "At the time of the publication of the story I was not aware of any facts or statements about Wise in the story known or suspected to be untrue by myself, the author or any other employee or agent of *D, The Magazine of Dallas*. I did not know or believe that any statement about Wes Wise contained in the story was false, nor did I suspect that any such statement was false. I had no doubts concerning the accuracy of the statements about Wise contained in the story."

3. "The trial court granted defendant's motion for summary judgment in this libel action, the proof establishing a qualified privilege of the defendant but standing silent as to the presence or absence of actual malice. On trial of the cause, it would be the burden of plaintiff to

prove his allegation of actual malice. . . . Since the defendant, though enjoying a conditional privilege, would be liable if actuated by malice, it must fall to him to establish the absence of malice on his motion for summary judgment."

4. The opinion also contains this language: "Even if such denials would support that conclusion [that the statements were not made with knowledge of falsity or with reckless disregard thereof], Brown is an interested witness, and such testimony will not support a summary judgment unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach it."

**536**

elements of his cause of action or defense as a matter of law. *See Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." (Id.)

We are unwilling to adopt a rule whereby a litigant may avoid a trial by placing in affidavit form his uncommunicated unilateral subjective determination of facts and his opinions as to such facts. The thoughts and opinions of an interested witness, as related in his self-serving affidavit, are not easily disproved by his opponent. See *Gevinson v. Manhattan Construction Co.,* 449 S.W.2d 458, 467 (Tex.1969); *James T. Taylor & Son, Inc. v. Arlington Independent School Dist.,* 160 Tex. 617, 335 S.W.2d 371, 376 (1960). See also *Taylor v. Bair,* 414 F.2d 815, 818 (5th Cir. 1969), wherein the Texas authorities are examined.

 Defendants rely upon *Dun and Bradstreet v. O'Neil,* 456 S.W.2d 896, 898 (Tex.1970), wherein the Court noted that once the conditional privilege is shown to exist, the burden is on the plaintiff to show that the privilege is lost. The rule is still viable—in a conventional trial—but we are dealing with plaintiff's burden in a summary judgment proceeding. The difference is shown with great clarity when we compare *Glenn v. Prestegord,* 456 S.W.2d 901, 903 (Tex.1970), with *Prestegord v. Glenn,* 441 S.W.2d 185 (1969).

Diligent counsel representing the defendants urge this contention upon us: "A summary judgment is properly granted where the record does not provide evidence from which the *jury* could find 'actual malice' with convincing clarity." (emphasis supplied) This is supported by four out-of-state cases and an accompanying footnote lists *twenty-three more foreign cases* in support of the statement.[5]

We are unwilling to implant this foreign dogma into the law of Texas. It is difficult, at best, for a plaintiff to discharge his burden of showing actual malice in such cases; at least, he should be entitled to go to a jury for the final determination of whether or not he has succeeded in showing actual malice upon the trial of the cause. We decline to follow the cases cited by defendants' counsel.

From the foregoing observations, it is apparent that we are of the opinion that the trial court erred in granting defendants' motions for summary judgment. The judgment is reversed and the cause is remanded.

---

**5.** The footnote, according to the brief, contains cases involving mayors, movie actors, draft protestors, lawyers, and belly dancers.