**MOORE & ASSOCIATES et al., Appellants,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Appellee.**

**No. 20243.**

Court of Civil Appeals of Texas, Dallas.

Aug. 6, 1980.

Alfred W. Ellis, Woodruff & Ellis, Dallas, for appellants.

Eugene W. Brees, Thompson & Knight, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

STOREY, Justice.

Plaintiff, Moore & Associates, an association of anesthesiologists, have appealed from a summary judgment granted defendant, Metropolitan Life Insurance Company. The suit was for defamation, libel, and tortious interference with the doctor–patient relationship. The communications which plaintiff alleged to be actionable were letters sent by defendant, a group medical insurer, to several former patients of plaintiff. The letters advised the patients that their claims for medical services furnished by plaintiff would not be paid in full because plaintiff's charges were excessive. Defendant contends that summary judgment was proper because the letters were absolutely privileged or, alternatively, were qualifiedly privileged. In the further alternative defendant contends that the action is barred by limitation. We hold that defendant has no absolute privilege. We also hold that the entire claim is not barred by limitations. We therefore reverse and remand for trial on the merits with respect to qualified privilege because the issue of malice has not been negated by the summary judgment evidence.

### PRIVILEGE

Defendant contends that communications to the beneficiaries of its policies should be absolutely privileged, that is, because of the occasion on which they are made, they should not be actionable even if false and published with express malice. This is true, defendant contends, because its group policies are subject to regulation under the Federal Employees' Retirement Income Security Act (ERISA), 29 U.S.C.A. 1001, *et seq.* (1975). Section 1133 of the Act requires the insurer to:

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for denial, written in a manner calculated to be understood by the participant; and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

Defendant argues that unless absolute privilege is extended to communications with beneficiaries of its policies, it, and all insurers similarly situated, will be faced with the possibility of a libel claim each time it complies with section 1133. We do not agree that this possibility, if it exists, warrants the absolute privilege.

Absolute privilege is limited to communications uttered in executive, legislative, judicial and quasi–judicial proceedings and the marital relationship. *Reagan v. Guardian Life Insurance Co.,* 140 Tex. 105, 166 S.W.2d 909 (1942); *Zarate v. Cortinas,* 553 S.W.2d 652 (Tex.Civ.App.–Corpus Christi 1977, no writ). The rule is based upon the public–policy principle that every citizen should have the unqualified right to appeal to the agencies of his government for redress without the fear of being called to answer in damages for libel. *See Runge v. Franklin,* 72 Tex. 585, 10 S.W. 721 (1889). The corollary principle is that the agencies of government, in order to properly perform their functions, should be authorized to call upon any citizen for full disclosure of information without subjecting the citizen to a claim for libel. It is considered that the power of the agencies of government to strike offensive matters from proceedings and to punish for contempt is sufficient safeguard against abuse of the privilege. *Runge,* 10 S.W. at 724.

We are cited to no authority which extends absolute privilege to communications between private persons merely because the communication is mandated by law, nor has our search revealed Texas authority for the proposition. The question was presented in *Matviuw v. Johnson*, 70 Ill.App.3d 481, 26 Ill.Dec. 794, 388 N.E.2d 795 (1979), and the Illinois court refused to extend the absolute privilege. There Johnson was sued for defamatory remarks which he made to the hospital executive committee about the professional capabilities of plaintiff Matviuw. Johnson and the hospital claimed the remarks were absolutely privileged first because the committee was a quasi–judicial body, and second because Johnson's remarks were mandated by the Illinois Medical Studies Act. The trial court had dismissed the case on the ground of absolute privilege. The appellate court, after determining that the committee's function was not quasi–judicial, held that Johnson's statements were not absolutely privileged but were qualifiedly privileged. It stated:

> [R]eview committees have need of candid commentary in order to function effectively. It does not follow, however, that those testifying before such committees must be accorded an absolute privilege to defame. Defamatory statements, motivated by ill–will or malice, have no place in a forum convened to determine the qualifications of an individual to continue in the practice of his profession. If anything, such statements serve to detour the committee from its proper channel of investigation. There is no useful purpose to be served by allowing one physician to defame another before a medical executive committee and prohibiting the defamed party from seeking a remedy.

26 Ill.Dec. at 798, 388 N.E.2d at 799. The court observed also that the legislature could have, but failed, to provide for absolute privilege in the statute. It concluded that the qualified privilege was ample protection to secure the commentary required by the Act.

To extend absolute privilege to occasions such as those here exhibited would not serve the same public purpose as is served by the general rule regarding privilege, even though the reports in question may have been required by law. Furthermore, no safeguard would exist to prevent abuse. We conclude that a statement which the law requires one private party to make to another is not absolutely privileged but is qualifiedly privileged.

A qualified privilege applies to communications made in good faith on subject matter in which the author has an interest or with reference to which he has a duty to perform to another person having a corresponding interest or duty. *Cheatwood v. Jackson*, 442 S.W.2d 789 (Tex.Civ.App.– Houston [14th Dist.]), *writ ref'd n. r. e. per curiam*, 445 S.W.2d 513 (Tex. 1969); *Zarate v. Cortinas*, 553 S.W.2d 652 (Tex.Civ.App.– Corpus Christi 1977, no writ). We have concluded in this case that defendant's letters satisfy the criteria required of a qualified privilege because of the duty imposed by section 1133. Thus, there arises a presumption of good faith in favor of defendant which, upon trial of the merits, casts the burden on plaintiff to prove bad faith or malice. Defendant contends that summary judgment was properly granted in this case because plaintiff failed to offer evidence of malice. We disagree. In a summary judgment proceeding the burden is upon the defendant to negate the existence of malice. *Jackson v. Cheatwood*, 445 S.W.2d 513, 514 (Tex. 1969); *Kennedy v. Texoma Broadcasters, Inc.*, 507 S.W.2d 864, 866–867 (Tex.Civ.App.–Dallas 1974, no writ).

Alternatively, defendant relies upon the affidavit of its claims supervisor as proof of the lack of malice. This affidavit merely sets out defendant's office procedure with respect to its handling of claims and its compliance with section 1133 and concludes that no employee of defendant attempted to persuade an insured not to use plaintiff's services. We conclude that this affidavit is insufficient to negate malice as a matter of law. We may consider the affidavit of defendant's interested witness only if it is clear, direct and positive and

there are no circumstances in evidence tending to discredit or impeach its contents. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965); *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904 (1942). We conclude that defendant's affidavit does no more than raise a fact issue on the question of malice.

### LIMITATION

■ Defendant also contends that plaintiff's claim is barred by Tex.Rev.Civ. Stat.Ann. art. 5524 (Vernon 1958), which provides that suits for libel and slander must be brought within one year after the cause of action accrues. The cause of action accrues when the injury occurs and limitation runs against the action to recover damages for the consequences from the date of the communications, or its discovery, and not from the date of the consequences. *Kelley v. Rinkle*, 532 S.W.2d 947 (Tex. 1976); *Stillwell v. City of Fort Worth*, 162 S.W.2d 1046 (Tex.Civ.App.–Fort Worth 1942), *affirmed*, 140 Tex. 560, 169 S.W.2d 486 (1943). A review of defendant's communications indicates that certain letters were published more than one year prior to September 7, 1978, the date suit was filed. These communications are barred by article 5524. Other letters, however, were published within the year preceding the filing of suit and, therefore, are not barred. We conclude, therefore, that the case must be remanded for trial based upon publications made after September 7, 1977.

Plaintiff's claims for tortious interference with the doctor–patient relationship are based on the alleged false and defamatory character of the communications complained of, and, therefore, are indistinguishable from the claims for libel. Accordingly, the same limitation period applied, and the court's consideration on remand is necessarily limited to those communications made with within one year from the time suit was filed.

We conclude that the record fails to negate the existence of a fact issue with respect to plaintiff's cause of action for libel, slander and tortious interference and that limitation does not bar those publications made after September 7, 1977. The summary judgment is reversed and the cause remanded for trial on the merits. Because the summary judgment is affirmed as to those communications which were barred by limitation, we divide the costs of appeal equally between plaintiff and defendant.

Affirmed in part and reversed and remanded in part.