**Jerry NOBLES, Appellant,**

v.

**Tom EASTLAND and KXIX T.V.,
Channel 19, Appellees.**

No. 13–84–075–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 13, 1984.

Rehearing Denied Oct. 4, 1984.

Viviana Santiago Cavada, Victoria, for appellant.

O.F. Jones, III, Victoria, for appellees.

Before KENNEDY, YOUNG and UTTER, JJ.

## OPINION

KENNEDY, Justice.

This is a summary judgment case. Appellees, Tom Eastland and KXIX–TV published a statement about appellant Jerry Nobles. Appellant sued appellees, asserting that the statement was libelous. Appellees' motion for summary judgment was granted, and this appeal resulted.

Appellant is an elected official, serving as County Commissioner for Precinct Two in Victoria County. On January 31, 1983, appellees published the following comment on both the six o'clock and ten o'clock news segments:

"I've always admired Jerry Nobles in a way. You have to admire a guy who bucks the odds—a guy who fights the establishment, so to speak, and wins. Jerry ran as a 'People's choice' candidate for county commissioner. He laced every public and private statement with the need to cut county spending. Austerity was his watchword and he won. Now it's sort of sad that during this first month in office he spent county money in a way that is most likely illegal. He told me today that he didn't know he was violating Article 3 Section 52 of the Texas Constitution when—last Wednesday— he used county equipment and personnel to take out trees, haul in gravel and level a site for a new building at a county school. He said that such work had been done before by other commissioners. If it was, then it was most likely in violation of the law on those occasions, too."

When appellant requested that appellees retract the statement, appellees republished it. Appellant brought this suit, asserting that the above-quoted statement is libelous.[1]

■ Appellant, by his second point of error, complains that the trial court erred in granting summary judgment for appellees because a genuine issue of material fact existed. In order to prevail on a motion for summary judgment, appellees must conclusively disprove, as a matter of law, one or more elements of appellant's cause of action for libel. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970); TEX.R.CIV.P. 166A. Alternatively, appellees must conclusively prove all elements

---

1. Actions in libel are statutory in nature and are governed by TEX.REV.CIV.STAT.ANN. art. 5430, et seq. (Vernon 1958). A libel is a statement tending to inure the reputation or to impeach the honesty of the plaintiff. The common law defenses, including truth, are preserved.

of their affirmative defense. *Cox v. Ban-coklahoma Agri-Service Corp.*, 641 S.W.2d 400 (Tex.App.—Amarillo 1982, no writ).

■ A private individual may recover damages from a broadcaster of a defamatory falsehood upon a showing that the broadcaster knew or should have known that the defamatory statement was false. *Foster v. Laredo Newspaper, Inc.*, 541 S.W.2d 809 (Tex.1976) cert. denied, 429 U.S. 1123, 97 S.Ct. 1160, 51 L.Ed.2d 573. Since it is undisputed that appellant is a public official, appellant could not recover damages unless he proves that the defamatory falsehood relating to his official conduct was made with "actual malice," that is with knowledge or with reckless disregard of whether or not it was false. *Doubleday & Co., Inc. v. Rogers*, 674 S.W.2d 751 (1984). Therefore, in order to prevail in summary judgment, appellee must have conclusively proved that the statement published was not defamatory, that it was true or that it was published without malice.

It is undisputed that appellant performed the actions described in the newscast. What is disputed is whether the comment was libelous and whether the actions were illegal.

■ The commentary charged appellant with "violating Article 3 Section 52 of the Texas Constitution," which reads as follows:

> Sec. 52. (a) Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.

TEX.CONST. art. III § 52.[2] To charge a person with or to impute to him the commission of any crime for which punishment by imprisonment in jail or the penitentiary may be imposed is libelous per se. *Poe v. San Antonio Express-News Corp.*, 590 S.W.2d 537 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); *Davila v. Caller Times Publishing Co.*, 311 S.W.2d 945 (Tex.Civ.App.—San Antonio 1958, no writ).

■ Allegations that appellant violated Article III § 52(a) of the Texas Constitution constitute allegations of official misconduct as defined by the Penal Code:

§ 39.01 Official Misconduct.[3]

(a) A public servant commits an offense if, with intent to obtain a benefit for himself or to harm another, he intentionally or knowingly:

\* \* \* \* \* \*

(5) takes or misapplies any thing of value belonging to the government that may have come into his custody or possession by virtue of his employment, or secretes it with intent to take or misapply it, or pays or delivers it to any person knowing that such person is not entitled to receive it.

\* \* \* \* \* \*

(c) ... An offense under Subsection (a)(5) of this section is a felony of the third degree.

TEX.PENAL CODE ANN. § 39.01 (Vernon 1974). A third degree felony is punishable by confinement in the Texas Department of Corrections for any term of not more than ten years or less than two years. TEX.PENAL CODE ANN. § 12.34(a) (Vernon 1974). We therefore find that the statements published by appellee were libelous in nature.

■ Appellees raise the defense of truth. As noted above, in order to prevail on motion for summary judgment, appellees must conclusively prove that the statement was true. However, an examination of the summary judgment evidence shows that the assistance rendered by appellant was

---

**2.** Sections (b), (c) and (d) of Section 52 grant authority to issue bonds and cannot be relevant to this cause.

**3.** This provision was amended effective September 1, 1983; however, it is quoted as in effect in January 1983.

given not to an "individual, association or corporation" but rather to Nursery Independent School District, another political subdivision, such as might be permitted by TEX.REV.CIV.STAT.ANN. art. 2352j (Vernon Supp.1984), which allows the use of county equipment and employees to assist "another governmental entity," or by TEX. REV.CIV.STAT.ANN. art. 4413(32c) (Vernon 1976), which permits various local governments to cooperate among themselves for various governmental functions.[4] We therefore find the defense of truth was not conclusively established by appellee.

In addition, the appellee raises the defensive issue that the statement was published about a public figure "without malice." In a summary judgment proceeding, the burden is upon the defendant to conclusively negate the existence of malice. *Moore & Associates v. Metropolitan Life Insurance Co.*, 604 S.W.2d 487 (Tex.Civ.App.—Dallas 1980, no writ).

■ Appellant points out that the statement was published a second time, after appellees were advised that appellant was asserting the statement was false and was demanding a retraction. The appellee points us to no evidence negating the existence of malice. This is sufficient to raise a fact issue regarding malice. We therefore sustain appellant's second point of error.

By his first point of error, appellant complains that the summary judgment evidence was insufficient, there being no sufficient affidavits or depositions in the record. Appellee responded by providing this Court with an affidavit from the Chief Deputy Clerk for the District Clerk in Victoria County that four depositions were on file in that office. Having examined the designation of record filed by counsel for appellant, we found these depositions to have been inadvertently omitted from the record and directed the District Clerk of Victoria County to forward said depositions to this Court. TEX.R.CIV.P. 375, 376 and 379. These depositions were received and

considered in this case. Appellant's first point of error is overruled.

The judgment of the trial court is reversed, and the cause is remanded for a trial on the merits.

---

4. The validity and interpretation of these statutes is not before us today, and we refrain from