**Curtis Lee WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 49740.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Dec. 17, 1985.

Motion for Rehearing and/or Transfer
Denied Feb. 25, 1986.

Application to Transfer Denied
April 15, 1986.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Curtis L. Williams had originally been jury-convicted of murder and assault. The court sentenced him to prison for life and concurrent sixty-year terms. Affirmed on appeal; 623 S.W.2d 552 (Mo.1981).

Defendant then filed his Rule 27.26 motion. After he testified his motion was denied and he appeals.

Defendant here charges his trial counsel was ineffective by refusing to let him testify. The State responds that defendant had been informed of his right to testify but his counsel decided defendant should not testify because of defendant's seven previous convictions.

At his evidentiary hearing defendant said he had known of his right to testify but was doing what his counsel had told him to do. Defendant testified he had wanted to testify he had been unarmed but wrested the pistol from his victim and then fired. Defendant and trial counsel had many discussions about defendant testifying. At trial counsel had announced both he and defendant had decided defendant would not testify.

After denying defendant's motion the court made extensive findings. Condensed, they are these: Trial counsel James Bell was experienced in criminal trials and competent far above the required standard. Mr. Bell had fully advised defendant of his right to testify or remain silent; that as a matter of strategy counsel advised defendant not to testify. The court ruled trial counsel had met the accepted standard in judging effectiveness of counsel; his strategy, even if wrong, did not show he was ineffective.

We look to defendant's challenge here. He concedes it was his burden under Rule 27.26(j) to show the judgment was clearly erroneous. In that, he failed to show he was prejudiced by his trial counsel's failure to exercise customary skill. See *Seales v.*

*State*, 580 S.W.2d 733[2, 3] (Mo. banc 1979). Trial counsel's decision that defendant should not testify was a binding decision of trial strategy. *Hughes v. State*, 507 S.W.2d 363[1] (Mo.1974).

The motion court did not err in denying defendant's Rule 27.26 motion.

Affirmed.

SIMON, P.J., and STEPHAN, C.J., concur.