IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 26, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20862
Summary Calendar

CAMIL I. KREIT, M.D., In Propria Persona Sui Juris,

Plaintiff - Appellant,

v.

ROD CORRADO, Individually; PATRICIA CONSTANCE, Assistant CEO,
Individually,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. 04:05-CV-564

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Plaintiff Camil I. Kreit, M.D., appeals the judgment of the district court dismissing his breach of contract, breach of fiduciary duty and defamation claims against the defendants, named as Rod Corrado and Patricia Constance. Corrado was the claims adjuster and Constance is the CEO of Kreit's medical malpractice insurer. In May 2003, a Texas jury returned a verdict against Dr. Kreit in a medical malpractice case that exceeded Kreit's policy limits. Kreit's claims

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against the defendants arise from the settlement by Corrado with the malpractice plaintiff for an amount within the policy limits. Kreit's claims against the insurer were dismissed and Kreit does not challenge that dismissal. No contract exists between Kreit and the remaining defendants. In addition, Kreit asserts no legal basis for finding a fiduciary relationship between him and the defendants. The district court found that Kreit's defamation claim was barred by the defense of limitations.

Accordingly, we affirm the judgment of the district court dismissing the plaintiff's claims for essentially the reasons stated in the district court's Memorandum Opinion and Order dated September 20, 2006. In addition to the reasons stated by the district court, we note that Kreit's defamation claim is barred on its face by the defense of qualified privilege, because, as Kreit acknowledges, federal law requires that all medical malpractice settlements (including frivolous or nuisance suits) be reported to the National Practitioner's Data Board. 42 U.S.C. 11101, et seq.; Moore & Associates v. Metropolitan Life Ins. Co., 604 S.W.2d 487 (Tex. App. 1980). The defamation claim also fails based on the defense of the truth. Fiber Sys. Int'l v. Roehrs, 470 F.3d 1150, 1164 (5th Cir. 2006).

Because the defendants question the timeliness of Kreit's notice of appeal, we note that this court has jurisdiction over this appeal. Although Kreit filed his notice of appeal more than 30 days after entry of the opinion announcing the district court's disposition of the defendants' motions to dismiss, the notice of appeal was filed several months before the district court entered its final judgment. Under Federal Rule of Appellate Procedure 4(a)(2), a "notice of appeal filed after the court announces a decision or order - but before the entry of the judgment or order - is treated as filed on the date of and after the entry."

Accordingly, Kreit's notice of appeal was timely and this court has jurisdiction to consider his appeal.

AFFIRMED.