**Judy CHEATWOOD, a Feme Sole, Appellant,**

v.

**B. H. JACKSON, Appellee.**

No. 247.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 28, 1969.

Rehearing Denied June 25, 1969.

Robert A. Cattanach, Cattanach, Hughes, Carlisle & Cralle, Houston, for appellant.

Raymond H. Wilson, Houston, for appellee.

TUNKS, Chief Justice.

This is an appeal from a summary judgment in favor of the defendant in a libel case.

The plaintiff, Judy Cheatwood, a feme sole, was a tenant occupying an apartment in an apartment house of which the defendant, B. H. Jackson, was part owner. Her tenancy was pursuant to a written rental agreement. On October 6, 1967, Jackson mailed to her the following letter:

"This is to notify you that the Apartment Rental Agreement between you and the Wes-Lyn Apartments dated November 12, 1966, is hereby cancelled, effective immediately. This action is in accordance with Article #11 and #19 of the Rental Agreement.

"Your continued occupancy of the apartment is permissible in order to permit you to find other accommodations providing the apartment is vacated on or before October 14, 1967.

"Any prepaid rent will be refunded on a prorata basis when the apartment is vacated.

"Your deposit will be refunded under the terms of the Rental Agreement after you have moved and an inspection of the apartment has been made."

Carbon copies of that letter were sent to a Mrs. Curry, the resident manager of the apartment house, and to Houston Apartment Association, Inc., an organization of apartment owners.

The rental agreement referred to in the letter was the one signed by the plaintiff.

It was on a standard form furnished by Houston Apartment Association, Inc. to its members. Article 11 of the agreement was in the following language:

"11. TENANT WILL SEE THAT THE CONDUCT OF himself, his family and guests is never disorderly or boisterous; that it does not disturb or interfere with the rights, comfort or convenience of other persons on or around the premises; that is not unlawful or immoral."

Article 19 provided that violation by the tenant of the terms of the agreement, including disorderly conduct and failure to pay rent, gives the owner the right to terminate the lease without notice and to take immediate possession of the premises.

By her petition the plaintiff sought recovery of general damages, resulting from the publication of that letter. No special damages were alleged.

The defendant's answer consists of numerous special exceptions, a general denial and a lengthy recitation of evidentiary facts. Included are allegations that while plaintiff was his tenant she sat around the swimming pool drinking intoxicating liquors and "behaving in a loud and noisy and boisterous manner;" that on one occasion while the plaintiff was so conducting herself the manager was showing an apartment to a couple of prospective renters and the plaintiff loudly yelled, "Did you tell them that everybody is moving out of these damn apartments?" which conduct caused the couple not to take the apartment; and that on another such occasion when two men, as prospective renters, were being shown an apartment while the plaintiff was sitting in the patio drinking, she shouted, "Be sure to tell those two men who their next door neighbor will be— Judy Cheatwood."

There were also allegations of fact in the answer showing that one of the recipients of a carbon copy of the letter, Mrs. Curry, was an employee of the defendant and the other, Houston Apartment Association, Inc., was an organization of apartment owners, of which the defendant was a member, and which served its members as a clearing house for information concerning the desirability or undesirability of prospective tenants. By an affidavit affixed to the answer, the defendant swore, "that he has read the foregoing answer and knows that all of the allegations therein contained are true and correct."

Three depositions were taken. One was that of the defendant, another was the deposition of Mrs. Frances L. Tillotta, wife of a co-owner of the apartments, who, at the request of the defendant, typed and mailed the letter. The third deposition was that of Mrs. Ruth M. Shapiro, office manager of Houston Apartment Association, Inc.

With the record in such status the defendant filed a motion for summary judgment based on the defendant's sworn answer, the depositions and an "ADDENDUM AND AFFIDAVIT" attached to said motion.

The so-called "ADDENDUM AND AFFIDAVIT" largely consists of legal conclusions to the effect that the plaintiff has no cause of action, as evidenced by its final sentence—"The moving Defendant is therefore entitled to a take nothing judgment as a matter of law." This instrument is sworn to by the defendant, by each of the other two witnesses whose depositions were taken and by the defendant's attorney.

Pursuant to the defendant's motion the trial court rendered summary judgment that the plaintiff take nothing by her suit. The plaintiff has perfected her appeal.

Article 5430, Vernon's Ann.Tex.Civ.St., defines libel as follows:

"A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or

to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury."

In determining whether the letter published by this defendant came within the statutory definition of libel, it should be read in connection with the language of Articles 11 and 19 of the rental agreement. Express Pub. Co. v. Isensee, Tex.Civ.App., 286 S.W. 926, no writ hist. When so read, the letter "tended" to injure the reputation and "tended" to impeach the plaintiff's honesty, integrity, virtue or reputation. This is demonstrated by the deposition testimony of Mrs. Shapiro, the office manager of Houston Apartment Association, Inc. Mrs. Shapiro testified that upon receipt of the letter she prepared a card for the organization's files classifying the plaintiff as "undesirable." Since the publication was libel within the statutory definition the plaintiff stated a cause of action without the necessity of alleging or proving either that the publication was made with malice or that the publication caused her to sustain any special damage. Gibler v. Houston Post Co., Tex.Civ.App., 310 S.W.2d 377, ref., n. r. e.

The summary judgment evidence, however, establishes that the publications alleged were made under circumstances creating a conditional or qualified privilege. 36 Tex.Jur.2d 357, Sec. 71. This fact imposed upon the plaintiff the burden of proving that the publication was made with malice or a want of good faith. Buck v. Savage, Tex.Civ.App., 323 S.W.2d 363, ref., n. r. e.

It is the appellant's position on this appeal that the appellee was not entitled to a summary judgment because he failed to support his motion with such summary judgment evidence that established the statements in the letter were true and he failed to establish by such evidence that the publication was made without malice and with good faith. On the other hand, it is the appellee's position that his affidavit to his answer reciting facts as to appellant's conduct, the affidavits of Mrs. Tillotta, Mrs. Shapiro and his attorney to the "Addendum" to his motion for summary judgment and the recitation in the three depositions established without controversion that the statements in the published letter were true. Appellee's position as to the malice issue is that it is established in his favor by the failure of the plaintiff, on motion for summary judgment, to sustain her burden of proving of malice by affidavit, deposition or other admissible summary judgment evidence.

We review the record as to the evidence relating to the truth of the publications made in recognition that the proof of such truth would constitute a defense. Caller Times Pub. Co. v. Chandler, Tex. Civ.App., 122 S.W.2d 249, affirmed, 134 Tex. 1, 130 S.W.2d 853. It is our opinion that the record does not establish the truth of the publications. The affidavits presented in proof of that fact do not meet the requirements of paragraph (e) of Rule 166-A, Texas Rules of Civil Procedure. Although the defendant, in the affidavit attached to his answer, swore that he had knowledge of the facts therein, his deposition clearly shows that the only knowledge he had of the conduct of the defendant came from Mrs. Tillotta or Mr. Tillotta. Mrs. Tillotta, in her deposition, testified that her information as to the conduct of the plaintiff came from either Mr. Tillotta or Mrs. Curry. The deposition of Mrs. Shapiro shows that the only information she had concerning the conduct of the plaintiff was the letter which she received from the defendant, on the basis of which she characterized the plaintiff as "undesirable."

The "addendum" to defendant's motion for summary judgment was sworn to by the three deponents above mentioned and also by the defendant's attorney. It referred to and incorporated the allegations in the defendant's answer. It stated, "We have between us personal knowledge

as to all of the facts set forth therein and such facts are true and correct and we are fully competent to testify thereto, each to those facts within his particular knowledge." As we have noted above, the depositions affirmatively show that neither the defendant, Mrs. Tillotta, nor Mrs. Shapiro had personal knowledge of the plaintiff's conduct. There is nothing in the record affirmatively showing that the defendant's attorney had no such personal knowledge. Neither is there anything in the record affirmatively showing that he had such personal knowledge unless the above quoted language did so. We hold that such language did not show such personal knowledge by the attorney as to the facts of the plaintiff's conduct. It was not a positive, unequivocal statement that he knew any particular fact recited in the addendum or in the defendant's answer. Texas Osage Co-op Royalty Pool v. Kemper, Tex.Civ. App., 170 S.W.2d 849, err. ref.; Uvalde Const. Co. v. Waggoner, Tex.Civ.App., 159 S.W.2d 203, no writ hist.; McDonald, Texas Civil Practice, Vol. II, p. 505, Sec. 5.15.

It is the position of the appellee with reference to the issue of malice that since the plaintiff has the burden of proof on that issue and failed to produce any summary judgment evidence thereon, by affidavit or deposition or otherwise, he was entitled to the summary judgment rendered in his behalf. It is true that upon a regular trial the plaintiff would have the burden of proving malice or want of good faith since the publications were conditionally privileged, but on motion for summary judgment by the defendant he, as movant, had the negative burden of proving the absence of such malice and the presence of good faith. Scott v. T. G. & Y. Stores, Tex.Civ.App., 433 S.W.2d 790, ref., n. r. e.; Gibler v. Houston Post Co., supra.

In Pattison v. Highway Insurance Underwriters, Tex.Civ.App., 292 S.W.2d 694, 699, ref., n. r. e., the Court said:

"The cases make it plain that in summary proceedings the burden rests heavily upon the moving party to negative *conclusively* the existence of a genuine issue in regard to some *controlling fact* entitling the movant to judgment. And that where it appears that such an issue 'may exist', summary relief is to be denied without regard to informalities or defects in the resisting party's showing."

The record in this case does not negative conclusively the existence of a genuine issue of fact as to the defendant's malice or want of good faith. Nor does the summary judgment evidence affirmatively establish the defense of truth.

The judgment of the trial court is reversed and remanded.