David HOUSTON, Appellant,

v.

GROCERS SUPPLY COMPANY, INC., et al., Appellees.

No. A2762.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 10, 1981.

James T. Mullins, Mullins, Box & Parish, John A. Saur, Houston, for appellant.

A. Martin Wickliff, Fulbright & Jaworski, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

Appellant, David Houston, plaintiff in the court below, appeals from summary judgment rendered against him in a suit for libel and slander which he filed against his former employer, Grocers Supply Company, Inc., and Clarence L. Chadwick, personnel director for Grocers Supply.

Subsequent to the filing of suit, depositions of defendant Chadwick and plaintiff Houston were taken. Defendants filed Motion for Summary Judgment with accompanying exhibits and affidavits; plaintiff filed no response. The motion was granted and judgment was rendered for defendants. We affirm.

This law suit arises out of statements made by Chadwick in connection with the termination of Houston's employment by Grocers Supply and the related grievance proceedings between Grocers Supply and Teamsters Union, Local No. 968, in Houston's behalf.

Plaintiff's petition alleges that on March 4, 1980, Chadwick slandered plaintiff in the presence of other employees of Grocers Supply by falsely accusing plaintiff of theft and that without prior notice Chadwick called the plaintiff into the personnel office the next day and summarily discharged him without cause. The petition also alleges that Chadwick libeled plaintiff by reducing the accusation to writing by letter dated March 5, 1980, and by distributing it to others.

Houston worked in a Grocers Supply warehouse. Prior to March 4, 1980, he knew or had heard Grocers Supply had had

theft problems in the repack room where Houston worked and in other parts of the warehouse. As Houston left the premises at the end of his shift on March 4, 1980, a Grocers Supply security guard on duty at the guard shack asked Houston what he was carrying under his coat. Houston testified by deposition that he replied, "nothing," opened his coat in front of the guard and then turned and walked out. According to Houston nothing else was said by either the guard or Houston. The security guard stated in his affidavit attached to the motion for summary judgment that he observed Houston leaving the warehouse on March 4, Houston's coat pockets appeared to be bulging and heavy, he demanded permission to check what Houston had in his pockets, Houston refused and increased the speed of his stride and quickly left the premises as the guard was trying to contact Houston's immediate supervisor. According to the guard, when Houston reached the opposite side of the street he held up his coat and then left. Chadwick stated in his deposition that he was notified of the incident described by the security guard at about 6:55 p. m. on March 4, 1980. The incident was reported to have occurred at about 6:35 p. m. At about 7:20 p. m. Chadwick was advised by Ben Smith, the warehouse supervisor, that Smith investigated after the incident described by the security guards and found that a case of Bic lighters in the repack room had been opened and several items were missing. Next morning Chadwick talked to the security guard who had reported the incident to him and to another security guard who had observed the incident. He also talked to Ben Smith, the warehouse supervisor. Then at about 10:30 a. m. on March 5 Chadwick called Houston into his office along with several other employees interested in the incident. Upon Houston's refusal to resign, Chadwick presented Houston with a letter, dated March 5, 1980, terminating Houston's employment "for dishonesty" based on Houston's March 4 refusal to allow inspection of his coat. Houston and the Union initiated an investigation and appeal of the discharge. As the next step in the proceed-

ings, a hearing was held on March 11, 1980. On March 14, 1980, Chadwick wrote a letter to Johnny Stewart of the Union, informing him that Houston was discharged for "theft of company merchandise." Grocers Supply's action in discharging Houston was ultimately upheld at an arbitration hearing.

Appellant asserts three points of error. By his first and third points of error appellant argues that the trial court erred in holding that a qualified privilege exists as to the communications made in the present case and that no disputed fact issue remains.

■■■ Whether a conditional or qualified privilege exists is a question of law which is to be decided by the trial court. *Mayfield v. Gleichart*, 484 S.W.2d 619 (Tex.Civ.App. —Tyler 1972, no writ); *Bergman v. Oshman's Sporting Goods, Inc.*, 594 S.W.2d 814 (Tex.Civ.App.—Tyler 1980, no writ). A qualified privilege comprehends communications made in good faith on subject matter in which the author has an interest or with reference to which he has a duty to perform to another person having a corresponding interest or duty. *Id.* at 816; *Moore & Associates v. Metropolitan Life Insurance Co.*, 604 S.W.2d 487 (Tex.Civ. App.—Dallas 1980, no writ). "Accusations against an employee by his employer . . . made to a person having a corresponding interest or duty in the matter to which the communication relates, are qualifiedly privileged." *Bergman v. Oshman's Sporting Goods, Inc.*, 594 S.W.2d at 816.

■■ The communications at issue were made by Houston's employer through its personnel director to interested employees and Union officials. According to Houston's deposition, the only other persons present when Chadwick discharged him on March 5 were his supervisor, the chief job steward, the captain of security guards, and the assistant personnel director. Houston and the Union representative present were the only persons who read the March 5 discharge letter. In regard to the March 11 hearing, Houston names in his deposition the persons present and agrees that there

was no one there who should not have been present. Houston makes no claim that Chadwick or any other official of Grocers Supply communicated with any other persons about his termination. The March 14 letter is addressed to Johnny Stewart, who, according to Houston's deposition, is the Union business manager who conducted a hearing on March 18 or 20 in connection with this grievance procedure. In our opinion the summary judgment proof establishes as a matter of law the conditional privilege and supports the trial court's judgment.

■ Appellant argues that the qualified or conditional privilege is lost if the communication was made with malice or want of good faith. In a cause of action for libel or slander malice has been defined as "ill will, bad or evil motive, or such gross indifference to the rights of others as will amount to a willful or wanton act." *Buck v. Savage*, 323 S.W.2d 363 (Tex.Civ.App.— Houston 1959, writ ref'd n. r. e.), citing *Lattimore v. Tyler Commercial College*, 24 S.W.2d 361, 363 (Tex.Comm'n App.1930). If a conditionally privileged slanderous communication is in any degree actuated by malice, the privilege is lost. *Bridges v. Farmer*, 483 S.W.2d 939 (Tex.Civ.App.— Waco 1972, no writ). Generally, when publication is made under circumstances creating a qualified or conditional privilege, the plaintiff has the burden to prove malice or want of good faith. *Cheatwood v. Jackson*, 442 S.W.2d 789, 792 (Tex.Civ.App.—Houston [14th Dist.]), writ ref'd n. r. e., per curiam, 445 S.W.2d 513 (Tex.1969). When, however, defendant moves for summary judgment, the movant has the burden of proving the absence of malice. *Jackson v. Cheatwood*, 445 S.W.2d 513, 514; *McDonald v. Glitsch, Inc.*, 589 S.W.2d 554 (Tex.Civ.App.—Eastland 1979, writ ref'd n. r. e.).

The movant's burden is a heavy one, for, on appeal from summary judgment, we must view the evidence in the light most favorable to appellant, the party opposing the motion. We must disregard all conflicts in the evidence and accept as true that evidence which tends to support the position of the party opposing the motion. We do not consider evidence favoring movant's position unless it is uncontradicted; and, where such uncontradicted evidence is from an interested witness, we consider it as doing no more than raising an issue of fact, unless it is clear, direct, and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. This exception is especially true where the opposing party has the means or opportunity of disproving the testimony, if it is not true, and fails to do so. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex.1965); *Moore & Associates v. Metropolitan Life Insurance Co.*, 604 S.W.2d 487.

■ The summary judgment proof includes Chadwick's deposition and his affidavit, in which he asserts a cordial relationship with Houston and the absence of intent to damage Houston's reputation. He also asserts that he did not divulge any information in regard to Houston's dismissal to anyone other than the appropriate Union representatives, personnel officials and witnesses. Chadwick's deposition reveals that he has no recollection of any problem with Houston during the nine years Houston worked for Grocers Supply. Chadwick considered this incident a common disciplinary function of his job and extended to Houston the option of resigning instead of being discharged. In addition, Houston's deposition testimony lends credence to Chadwick's assertions. Houston's testimony indicates that he had no confrontations with anyone at work on March 4, that he had had no problems with his supervisor during the previous six or seven years, and that he had had no problems or confrontations with security guard Goode. Although Houston was aware that Grocers Supply had been having theft problems, he recalled being searched only once before "many years ago" at a time when everyone was being inspected, and he was not accused of dishonesty at that time. Houston further asserts in his deposition that he knows Chadwick only as a personnel director, has never before had

this type of problem with Chadwick, has never filed a grievance against Chadwick, and has never before been accused of dishonesty on the job. The summary judgment proof is devoid of facts which might lead to an inference of bad motive on the part of appellees. Therefore, although Chadwick's affidavit is that of an interested witness, we conclude that it merits consideration in this case. It is uncontradicted; it is clear, direct, and positive; the circumstances of the case and the evidence tend to support that affidavit rather than discredit it; and, furthermore, appellant filed no response to the Motion for Summary Judgment and has made no effort to refute Chadwick's affidavit or deposition testimony. In our opinion appellees sustained the burden of conclusively showing an absence of malice. Therefore, we agree with the trial court's conclusion that no issue of material fact remains as to the element of malice on appellees' part.

As its second point of error, appellant insists that the trial court erred in sustaining appellees' Motion for Summary Judgment because that motion was supported by affidavits and documents containing hearsay and not admissible into evidence. Appellant complains that appellees' supporting exhibits (with the exception of Exhibit 2, the March 5 letter upon which appellant bases his lawsuit) contain hearsay and are not otherwise admissible under exception to the hearsay rule.

Rule 166–A of the Texas Rules of Civil Procedure requires that supporting and opposing affidavits be made on personal knowledge, set forth such facts as would be admissible into evidence, and show affirmatively that the affiant is competent to testify to the matters stated herein. The Texas Supreme Court has interpreted Rule 166–A to require that the affidavit state that it is based on the personal knowledge of the affiant. *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1962). The Supreme Court has further held that objection to formal deficiencies in such an affidavit may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

◾ We first consider whether Exhibit 6 to appellee's Motion for Summary Judgment, the affidavit of Clarence L. Chadwick, may properly have been considered by the trial court in rendering summary judgment. In his affidavit Chadwick identifies himself as personnel director of Grocers Supply, having occupied that position for eleven years, and states:

... I made the decision to terminate David Houston after a thorough investigation of all the facts and interviewing the appropriate witnesses ...

Other than witnesses to the incident involving Houston and the appropriate union representatives and personnel officials I ... (have not) divulged any information, either oral or in writing, to any other person.

I have had a very cordial relationship with Houston while he was employed with Grocers Supply Co., Inc. I never had the intention of damaging Houston's reputation and integrity by terminating him for dishonesty ...

Appellant filed no response to the Motion for Summary Judgment, and the record reflects no objection to the form of the affidavit. Chadwick's position as personnel director peculiarly qualifies him to have personal knowledge concerning the facts in regard to the discharge of Houston, and Chadwick would clearly be competent to testify as to his own actions (as set out above) in connection with that matter. The fact that Chadwick's affidavit does not formally state that it is made on the personal knowledge of the affiant is not a proper basis for reversal when appellant objects for the first time on appeal. Therefore, we conclude that such statements constitute a proper part of the summary judgment proof.

For the same reasons we conclude that Exhibit 5, the affidavit of security guard Felix Ekause, is also a proper part of the summary judgment proof.

We next consider the evidentiary competence of appellees' Exhibit 1 ("General Rules and Regulations") and Exhibit 3 (the March 14 letter signed by Chadwick). Appellees argue that Exhibit 6 (the affidavit of Chadwick) lays the proper predicate for admitting Exhibits 1 and 3 into evidence.

Chadwick's affidavit states that he is the director of personnel at Grocers Supply Co., Inc., that all of the exhibits of which appellant complains (with the exception of Exhibit 4) are "copies of official documents in connection with the employment of David Houston and were made in the course of the regular business of Grocers Supply, Inc." and were prepared by Chadwick with his personal knowledge. A document which is offered into evidence on the theory that it is admissible under article 3737e of the Texas Revised Civil Statutes Annotated as a business record is properly excluded in the absence of a showing that the document was made in the regular course of business, at or near the time of the acts or conditions sought to be shown, by employees or agents customarily making such record or customarily transmitting information to be placed in the records and who had personal knowledge of the acts or conditions recorded. *Trans-Cold Express, Inc. v. Hardin*, 415 S.W.2d 431 (Tex.Civ. App.—Austin 1967, no writ).

The foundation for admitting Exhibits 1 and 3 into evidence under this exception appears to be deficient in that it does not show that the business records were made at or near the time of the event or reasonably soon thereafter. The record does not show that appellant objected to this deficiency at the time of the summary judgment hearing. We need not decide, however, whether this amounts to the same type of formal deficiency which the Supreme Court held in *Youngstown* may not be raised for the first time on appeal, for the documents to which appellant now objects are not necessary to sustain the summary judgment. Had the trial court restricted its consideration to Houston's deposition testimony and the uncontradicted portions of Ekause's affidavit and Chadwick's deposition testimony and affidavit, the summary judgment proof would still support its holding that there is no genuine issue as to any material fact and that appellees are entitled to summary judgment.

Finally, as to Exhibit 4 (the arbitration award) attached to appellees' Motion for Summary Judgment, appellees do not claim to have laid the necessary predicate to establish its competency as evidence and we need not decide that question. The propriety of the grievance proceeding is not at issue here. The admissibility of the arbitration award does not affect the adequacy of the summary judgment proof.

We affirm the judgment of the court below.