Natividad L. RAMOS, Appellant,

v.

HENRY C. BECK COMPANY, Appellee.

No. 05-85-00837-CV.

Court of Appeals of Texas,
Dallas.

May 1, 1986.

Frank P. Hernandez, Dallas, for appellant.

Randy A. Nelson, Dallas, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

McCLUNG, Justice.

Natividad L. Ramos sued Henry C. Beck Company, alleging slander and wrongful termination of employment. Both Ramos and Beck moved for summary judgment. The trial court denied Ramos's motion and granted Beck's motion. Ramos appeals only the granting of summary judgment for Beck. We hold that material fact issues exist in both causes of action, and accordingly, we reverse and remand for trial.

■ Ramos did not file a response to Beck's motion for summary judgment. Therefore, the only issue before this court is whether the grounds presented in Beck's motion, and the evidence presented to support those grounds, are sufficient as a matter of law to support summary judgment. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Larkins v. City of Denison,* 683 S.W.2d 754, 756 (Tex.App.—Dallas 1984, no writ); TEX.R.CIV.P. 166–A(c). A defendant who moves for summary judgment has the burden to show as a matter of law that no material fact issue exists as to the plaintiff's cause of action. *Griffin v. Rowden,* 654 S.W.2d 435–436 (Tex.1983); *Luna v. Daniel International Corp.,* 683 S.W.2d 800, 802 (Tex.App.—Corpus Christi 1984, no writ). This may be accomplished by summary-judgment evidence showing that at least one element of plaintiff's cause of action has been established conclusively against the plaintiff. *Sakowitz, Inc. v. Steck,* 669 S.W.2d 105, 107 (Tex.1984); *Otis Engineering Corp. v. Clark,* 668 S.W.2d 307, 311 (Tex.1983).

### Slander

■ Slander·is a defamatory statement orally communicated or published to a third person without legal excuse. *Diesel Injection Sales & Services, Inc. v. Renfro,* 656 S.W.2d 568, 573 (Tex.App.—Corpus Christi 1983, no writ); *Bergman v. Oshman's Sporting Goods, Inc.,* 594 S.W.2d 814, 815 (Tex.Civ.App.—Tyler 1980, no writ); *Glenn v. Gidel,* 496 S.W.2d 692, 697 (Tex.Civ.App. —Amarillo 1973, no writ). To be entitled

to summary judgment, Beck had the negative burden to prove the absence of at least one of these elements, i.e., that the statement complained of was not defamatory, that the statement was not published, or that a legal excuse exists. *Cf. Futerfas v. Park Towers,* 707 S.W.2d 149 (Tex.App.—Dallas, 1986) (not yet reported).

### 1. Defamation

■ Beck asserts in its motion for summary judgment that the statement of which Ramos complains, as alleged in his petition and as established by the summary-judgment evidence, is not defamatory.[1] To support this assertion, Beck points to the third paragraph of Ramos's petition, which states:

> On September 9, the Defendant's general foreman advised the Plaintiff that a secretary from Southwestern Bell Telephone Co. allegedly saw the Plaintiff taking something out of the parking garage and put it in the trunk of his car. This secretary allegedly took down the license plate number and the car was tracked down as belonging to the Plaintiff. This was told to the Plaintiff by the general foreman, ROGER FERIGRO [Fornero]. . . .

Beck also points out the following exchange in Ramos's deposition:

> Q. I want you to tell me in as much detail and as specifically as you can, exactly what Roger told you that day.
> A. He told me he had some bad news for me, handed me my check, and said that I was going to have to—he was going to have to let me go. And I asked him why.
> He said, "Well, there's a rumor that one of the secretaries from the telephone building seen you take a power tool from the parking garage and put in your trunk and they took your license plates down," and that's how they found out the car

belonged to me and I was being fired for stealing a power tool.

> \*    \*    \*    \*    \*    \*
>
> Q. Have you just related to me the conversation upon which you have brought suit for slander?
> A. Yes, sir.

Beck appears to argue that when a communication consists of a report of theft rather than a direct accusation of theft, it is not a defamatory statement as a matter of law. We disagree.

■ If a statement unambiguously and falsely imputes criminal conduct to the plaintiff, it is slander per se. *Glenn,* 496 S.W.2d at 697; *Whalen v. Weaver,* 464 S.W.2d 176, 182 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.); *cf. Leyendecker & Associates, Inc. v. Wechter,* 683 S.W.2d 369, 374 (Tex.1984). We cannot conclude that a report of theft does not impute criminal conduct to a plaintiff as a matter of law. If there is a question whether the hearer could reasonably understand the statement in a defamatory sense, an ambiguity exists, and a fact issue is presented. *Frank B. Hall & Co., Inc. v. Buck,* 678 S.W.2d 612, 619 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Easley v. Express Publishing Co.,* 299 S.W.2d 782, 784 (Tex.Civ.App.—San Antonio 1957, writ ref'd n.r.e.). Consequently, we hold that a fact issue exists concerning whether the statement made was defamatory.

Furthermore, even if a report of theft is not defamatory as a matter of law, a fact issue still exists. While Ramos did not file a response to Beck's motion for summary judgment, he did file an affidavit to support his own motion for summary judgment. Texas Rule of Civil Procedure 166–A(c) requires the trial court to consider affidavits on file at the time of the summary judgment hearing. Under our interpre-

---

1. We note that if Ramos failed to allege a defamatory statement in his petition, the trial court would err in granting summary judgment on that basis. Whether pleadings fail to state a cause of action may not be resolved by summary judgment. *Massey v. Armco Steel Company,* 652 S.W.2d 932, 934 (Tex.1983). The proper remedy is dismissal of the action, and then only after a party has been given an opportunity to amend after special exceptions. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974).

tation of rule 166–A(c), we conclude that the affidavit filed in support of Ramos's motion is proper summary-judgment evidence in the consideration of Beck's motion for summary judgment.

In this affidavit Ramos avers that he "was accused of stealing company equipment ... by Roger Fornero." A deposition is not a judicial admission. It has no controlling effect as compared with an affidavit. Thus, if conflicting inferences may be drawn from two statements made by the same party, one in an affidavit and the other in a deposition, a fact issue is presented. *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 562 (1962).

### 2. Publication

Beck also asserts in its motion for summary judgment that the evidence establishes that there was no publication to a third party. The summary-judgment evidence shows that Fornero's statement to Ramos occurred in the presence of Ramos's foreman, Frank Baker. Publication of defamatory words means to communicate orally, in writing, or in print to some third person capable of understanding their defamatory import and in such a way that he did so understand. *Houston Belt & Terminal Ry. Co. v. Wherry,* 548 S.W.2d 743, 751 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.), *appeal dism'd,* 434 U.S. 962, 98 S.Ct. 497, 54 L.Ed.2d 447. Beck does not contend that Baker did not understand the statement made, but apparently contends that there was no publication because the only person to whom the statement was communicated, Baker, was an employee of Beck. While Baker's status as an employee of Beck may have relevance to the question of privilege, it has no bearing on the issue of publication. *See Montgomery Ward & Co. v. Peaster,* 178 S.W.2d 302, 305–06 (Tex.Civ.App.—Eastland 1944, no writ). We hold that a fact issue exists as to publication.

### 3. Legal Excuse

Beck also asserts that the evidence establishes several legal excuses.

First, Beck maintains that the evidence establishes the truth of the statement of which Ramos complains. In his deposition Ramos denied that he had taken anything from the job site. This is sufficient to raise an issue of fact on truth.

Second, Beck maintains that because the statement was communicated to Ramos's foreman, it was privileged. Accusations against an employee by his employer made to a person having a common interest in the matter to which the communication relates are qualifiedly privileged. *Houston v. Grocers Supply Co., Inc.,* 625 S.W.2d 798, 800 (Tex.App.—Houston [14th Dist.] 1981, no writ); *Bergman,* 594 S.W.2d at 816. We conclude that the communication was qualifiedly privileged because it was made to Baker who, as Ramos's foreman, had a common interest in Ramos's discharge and the reason therefor.

However, the qualified privilege is lost if the communication was made with malice or want of good faith. *Houston,* 625 S.W.2d at 800; *Bridges v. Farmer,* 483 S.W.2d 939, 943 (Tex.Civ.App.—Waco 1972, no writ). Generally, when publication is made under circumstances creating a qualified privilege, the plaintiff has the burden to prove malice. *Houston,* 625 S.W.2d at 801; *Cheatwood v. Jackson,* 442 S.W.2d 789, 792 (Tex.Civ.App.—Houston [14th Dist.]), *writ ref'd n.r.e. per curiam,* 445 S.W.2d 513 (Tex.1969). When, however, a defendant moves for summary judgment, as movant he has the burden to prove absence or malice. *Houston,* 625 S.W.2d at 801; *Jackson v. Cheatwood,* 445 S.W.2d 513, 514 (Tex.1969).

Beck points out testimony from Ramos's deposition to establish absence of malice. This evidence establishes that Ramos was on good terms with Fornero and Baker before his termination and that Ramos did not suspect that anyone at Beck was out to get him before that time. At Ramos's deposition the following exchange occurred:

Q. ... Roger told you that it had been reported to HCB [Henry C. Beck Co.] that you had been seen taking something, is that correct?

A. Right.

\* \* \* \* \* \*

Q. Do you have any reason to believe that that report had not been made to HCB? In other words, do you think that HCB made it up ...?

A. I feel as though they made it up.

Beck's burden is a heavy one, for on appeal from summary judgment, we must view the evidence in light most favorable to Ramos, the party opposing the motion. We must disregard all conflicts in the evidence and accept as true that evidence which tends to support the position of the party opposing the motion. *See Houston*, 625 S.W.2d at 801. Reviewing the summary-judgment evidence in this light, we conclude that malice or lack of good faith can be inferred from the above testimony and that, consequently, Beck has failed to show an absence of malice.

■ Finally, Beck maintains that Ramos invited or consented to the statement made. Beck points to this testimony in Ramos's deposition:

Q. I want you to tell me in as much detail and as specifically as you can, exactly what Roger told you that day.

A. He told me he had some bad news for me, handed me my check, and said that I was going to have to—he was going to have to let me go. *And I asked him why.* [Emphasis added].

A plaintiff may not recover for a publication to which he has consented, or which he has authorized, procured, or invited. *Lyle v. Waddle*, 144 Tex. 90, 188 S.W.2d 770, 772 (1945). However, for invitation or consent to exist, there must be evidence to indicate that Ramos knew Beck's employee would *defame* him when Ramos made his inquiry. *Frank B. Hall & Co., Inc.*, 678 S.W.2d at 617. We find no such evidence. Furthermore, in his affidavit, Ramos denies that he consented to the publication of the accusations against him. Because conflicting inferences may be drawn from Ramos's two statements, a fact issue is raised. *Gaines*, 358 S.W.2d at 562.

We hold that Beck has failed to conclusively negate the cause of action for slander and that, consequently, the trial court erred in rendering summary judgment on that cause of action.

### *Wrongful Discharge*

■ Beck sought summary judgment on the cause of action for wrongful discharge on the ground that Ramos was an "at-will" employee. As a general rule, Texas subscribes to the traditional rule that, *absent a specific contract term to the contrary*, either the employer or the employee may terminate the employment relationship at any time and for any reason without liability. *Vallone v. Agip Petrol Co.*, 705 S.W.2d 757 (Tex.App.—Houston [1st Dist.], 1986) (not yet reported); *Maus v. National Living Centers, Inc.*, 633 S.W.2d 674, 675 (Tex.App.—Austin 1982, writ ref'd n.r.e.); *see Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex. 1985) (noting the statutory exceptions and creating a judicial exception to the general rule); *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888).

■ A plaintiff who can prove that his employment at will is subject to an oral or written agreement that he will not be terminated except for good cause can recover for wrongful discharge, even if the employee has not agreed to remain in service for a definite length of time. *See Mansell v. Texas & Pacific Ry. Co.*, 135 Tex. 31, 137 S.W.2d 997, 999–1000 (1940); *Johnson v. Ford Motor Co.*, 690 S.W.2d 90, 93 (Tex. App.—Eastland 1985, writ ref'd n.r.e.); *St. Louis, B. & M. Ry. Co. v. Booker*, 5 S.W.2d 856, 859 (Tex.Civ.App.—Galveston 1928, no writ), *cert. denied*, 279 U.S. 852, 49 S.Ct. 348, 73 L.Ed. 995 (1929). Thus, Beck is not entitled to summary judgment if a fact issue is raised concerning the existence of an agreement that modifies Ramos's employment-at-will status.

■ In Ramos's deposition the following exchange occurred:

Q. As a member of the union, you were operating under a certain agreement, I assume.

A. Yes.

Q. Is that correct?

A. Yes.

Q. Okay. Without asking you, what the agreement said or what not, what was your understanding of what was necessary before you could be terminated by an employer, such as HCB?

A. For fighting, being late, being drunk on the job site, you know, or for stealing.

We conclude that this testimony raises an issue of fact whether Ramos's employment was subject to an agreement between the union and Beck that he would not be terminated except for good cause. We hold, therefore, that Beck has failed to conclusively negate the cause of action for wrongful discharge and that, consequently, the trial court erred in rendering summary judgment on that cause of action.

The judgment of the trial court is reversed and this cause is remanded for trial.