John H. HOLLOWAY, Appellant,

v.

TEXAS MEDICAL
ASSOCIATION, Appellee.

Donald B. BUTLER and Thomas R.
Beech, Appellants,

v.

John H. HOLLOWAY, Appellee.

No. 01–86–00698–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 21, 1988.
Rehearing Denied Sept. 29, 1988.

Thomas R. Beech, pro se.

John H. Holloway, pro se.

Jerry V. Walker, Houston, for appellant Donald B. Butler.

Keith Dubanevich, Claude McQuarrie, III, Fulbright & Jaworski, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and SAM BASS, JJ.

DUGGAN, Justice.

Attorney John Holloway ("Holloway") sued Dr. Donald Butler ("Butler"), attorney Thomas Beech ("Beech"), and the Texas Medical Association ("TMA") for libel, slander, and civil conspiracy. A jury returned a verdict against Butler and Beech for libel and awarded Holloway damages for mental anguish and humiliation. Based on the verdict, the trial court entered a $550,000 judgment against Butler and Beech, jointly and severally, and a take-nothing judgment against TMA. The trial court denied motions for new trial and for judgment n.o.v. by Butler and Beech, and denied Holloway's motion for new trial as to TMA and other relief on the judgment. Appellants Butler, Beech, and Holloway assert 14, 12, and 15 points of error respectively.

In 1973, on behalf of his client, Mary Morgan, Holloway sued Drs. Donald Butler and Abel Leader for malpractice and the Center Pavilion Hospital for negligence. The case proceeded to trial approximately three years later, and resulted in a judgment in favor of all three defendants.

Thereafter, Butler initiated proceedings against Holloway before the State Bar Grievance Committee, charging him with "barratrous conduct in fomenting and instigating litigation without merit." The Grievance Committee found no basis for the charges and took no action against Holloway.

Butler also filed a "countersuit" against Holloway and Mary Morgan for "malicious prosecution" and "barratrous conduct," claiming that Holloway "encouraged, pressured, or persuaded" Mary Morgan to file a lawsuit without cause, knowing that the claim was false and unjustified; that he incited and fomented the litigation; that he filed the lawsuit with the sole intent of extorting a cash settlement for himself; that his action was an abuse of process "to obtain an object not intended by law"; and that Holloway and Mary Morgan acted in bad faith. Butler sought damages of $1,000 against Mary Morgan and $1,025,000 against Holloway for injury to reputation, mental anguish, and humiliation.

Butler subsequently nonsuited Mary Morgan and amended his pleadings to drop the barratry claims. The suit was dismissed by the trial court for failure to state a cause of action. The case was appealed to this Court, which affirmed the trial court judgment.[1]

Subsequently, Butler and his attorney, Beech, retained the services of Dean Page Keeton of the University of Texas to assist them in the case with their application for a writ of error to the supreme court. In the ensuing period, the Houston Surgical Society and the Texas Medical Association offered Butler support for his appeal, the latter contributing $1,500. Dr. Fred Cas-

---

1. *Butler v. Morgan,* 590 S.W.2d 543 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

trow, a colleague of Butler's whom Holloway had sued for malpractice in the past, contacted Butler and offered to solicit contributions to help defray the legal expenses of the appeal. Butler consented to Castrow's offer, and suggested that Castrow contact Butler's attorney, appellant Thomas R. Beech, for particulars about the case.

Castrow drafted a letter seeking contributions for Butler's appeal to the supreme court. Beech drafted a memo to be attached to Dr. Castrow's cover letter, and provided Dr. Castrow with a mailing list of physicians who were members of the Malpractice Defense Committee, Inc., of which Butler was an officer and Beech was legal counsel. The cover letter, written on Dr. Castrow's professional letterhead and signed by him, together with the accompanying memo, was mailed to some 200 physicians. The letter read as follows:

February 4, 1980

Dear Colleague/Fellow Litigant:

Your help is needed urgently for a cause that is of vital concern to you. Dr. Donald B. Butler is presently engaged in a fight to try to establish a precedent for countersuits against lawyers who have sued physicians in Texas without cause. See the enclosed summary of the case as presented by Dr. Butler's lawyer, Mr. Thomas R. Beech. Dean W. Page Keeton has agreed to assist in the presentation of the appeal of this case to the Supreme Court of Texas. The fee for this service is approximately fifteen thousand dollars. I do not feel that Dr. Butler should carry the entire financial burden for this battle which is of importance to each of us. The Texas Medical Association has agreed to assist with a check for fifteen thousand dollars, but we need to carry a larger share of this fee.

I have contributed. If you feel so inclined, please send a check to:

Scott, Douglass & Keeton
Butler Account
2526 One Houston Center
Houston, Tx. 77002

An immediate decision would be greatly appreciated.

Sincerely,

Fred F. Castrow, II, M.D.

The memo accompanying the Castrow letter read:

### FIGHTING BACK—A LONG LEGAL STRUGGLE

In February, 1971, Dr. DONALD BUTLER, operated on MARY MORGAN. Dr. BUTLER, along with Dr. ABEL LEADER and CENTER PAVILION HOSPITAL, were all sued for malpractice in January, 1973. The case was on the docket of the Court for three (3) years, in which time the Plaintiff's Attorney did not use any of the various discovery methods available to him and did not take any depositions of the two doctors or Hospital or question them by written interrogatories concerning the facts of the alleged malpractice case.

During the jury trial that resulted, Plaintiff's counsel failed to produce any medical expert testimony. After a three-day trial in February, 1976, a jury verdict was rendered in favor of the doctors and the Hospital.

Dr. BUTLER then retained THOMAS R. BEECH, a Houston lawyer, who prepared and filed a countersuit on July 20, 1976 against the patient, MARY MORGAN, and her Attorney, JOHN HOLLOWAY. In the insuing two and one-half (2½) years, numerous discovery methods were utilized, including an audio-visual deposition of Attorney HOLLOWAY and the depositions of all parties. Defendant HOLLOWAY made three Motions for Summary Judgment which were all denied and the case was assigned to trial in January, 1979.

However, on the date that the case was to go to jury trial, it was assigned to a visiting Judge from Brazoria County, Judge OLIN WELLBORN, who granted Defendant HOLLOWAY'S last minute motions and dismissed the case.

Mr. THOMAS BEECH, Dr. BUTLER'S counsel, then took his appeal to the First Court of Civil Appeals in Houston and had oral argument on September 6, 1979. The Court of Appeals affirmed the Trial

Court's opinion on September 20, 1979. Dr. BUTLER'S appeal to the Supreme Court of Texas is presently being prepared by W. PAGE KEETON and Mr. BEECH.

Butler's application for writ of error was subsequently refused by the supreme court. On December 29, 1980, Holloway filed this suit against Butler, Beech, and TMA, alleging libel, slander, and civil conspiracy.

After a trial on the merits, the jury found, in answer to Special Issue No. 1, that Butler and Beech, individually or through their agents or employees, participated in, contributed to, or caused the publication of the letter and memo; in answer to Special Issue No. 2, that the combined documents contained false statements about Holloway; in answer to Special Issue No. 3, that Butler and Beech knew or should have known by the exercise of reasonable care that the statements were false, prior to the publication; in answer to Special Issue No. 4, that neither Butler nor Beech acted with malice in connection with the publication; in answer to Special Issue No. 5, that the documents were libelous and defamatory to Holloway; and in answer to Special Issue No. 6, that the publication of the documents was the proximate cause of damages to Holloway.

## BUTLER AND BEECH V. HOLLOWAY

The threshold question on appeal is whether the publication by Butler and Beech was protected by a conditional privilege. Point of error three for appellants Butler and Beech asserts that the trial court erred in failing to grant the appellants' motions for directed verdict, judgment n.o.v., and for new trial, and in entering judgment against them, because the letter and memo were protected by a conditional privilege and the jury found that the appellants had not acted with malice in the publication of those documents.

In a libel action, a qualified privilege exists when communications are made in good faith on any subject matter in which an author has an interest or with reference to which he has a duty to another person having a corresponding interest or duty. *Parker v. Holbrook*, 647 S.W.2d 692 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). In order for the defense to be applicable, the privilege must have been exercised in a lawful manner and for a lawful purpose. *British Overseas Airways v. Tours & Travel, Etc.*, 568 S.W.2d 888, 893 (Tex.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.).

Butler argues that both he and the recipients of the publication clearly had an interest in the communication. They were members of the Malpractice Defense Committee, Inc., which sought to change the law in Texas to provide for a cause of action against attorneys who filed frivolous malpractice suits against physicians. Beech was counsel for the Committee and had previously filed an amicus curiae brief in a similar action on behalf of the Committee. There was testimony at trial that the medical malpractice crisis was a source of great concern for physicians in Texas, at that time.

A qualified privilege attaches to statements made under circumstances in which any one of several persons having a common interest in a particular subject matter may reasonably believe that facts exist that another, sharing that common interest, is entitled to know. *McDowell v. State*, 465 F.2d 1342 (5th Cir.1971).

A qualified privilege is an affirmative defense in the nature of a confession and avoidance. *Denton Publishing Co. v. Boyd*, 460 S.W.2d 881 (Tex.1971). Holloway contends that the appellants have waived the defense by failure to request any issues on it. However, in *Denton*, the court held that, where there is no dispute in the evidence about the circumstances under which a publication is made, and the language in the publication is not ambiguous, the question of privilege is ordinarily one of law for the court. *See also Houston v. Grocers Supply Co.*, 625 S.W.2d 798, 800 (Tex.App.—Houston [14th Dist.] 1981, no writ).

In the instant case, the circumstances surrounding the publication of the letter

and memo were not in dispute. The letter clearly stated that the purpose was to solicit funds to establish a court precedent. Holloway did not offer any contradictory testimony regarding the reason, did not prove an unlawful manner or purpose, and did not dispute the common interest of the recipients.

The defense of qualified privilege is available only if the evidence shows that the communication was made in good faith and without malice. *British Overseas Airways*, 568 S.W.2d at 893. Malice has been defined as "a want of good faith," which may be proved by showing that the defendant entertained ill-will toward the complaining party. *Buck v. Savage*, 323 S.W.2d 363, 372 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.). The law presumes good faith and want of malice where the publication is qualifiedly privileged. *Marathon Oil Co. v. Salazar*, 682 S.W.2d 624, 630 (Tex.App. —Houston [1st Dist.] 1984, writ ref'd n.r. e.).

Although Holloway testified that the publication was made in bad faith and with malice toward him, the jury failed to find that the appellants acted with malice.

 The appellants pled the affirmative defense of qualified privilege, the evidence established the undisputed circumstances surrounding the publication, and the availability of the defense was not lost by a finding of malice; therefore, the conditional privilege exists as a matter of law, and bars any recovery on a cause of action for libel. The trial court erred in failing to grant the appellants' motion for judgment n.o.v. Appellants Butler's and Beech's third points of error are sustained.

In view of the disposition of the third points of error for Butler and Beech, it is unnecessary to address any of their remaining points.

The judgment in favor of appellee Holloway against appellants Butler and Beech will be reversed and judgment rendered that Holloway, as appellee, take nothing as to either Butler and Beech.

## HOLLOWAY V. TEXAS MEDICAL ASSOCIATION

In 14 points of error, appellant Holloway asserts that the trial court erred in denying his motion for new trial. He challenges the jury's negative findings to the issues on the basis that they are contrary to the undisputed evidence and judicial admissions, or that they are against the great weight and preponderance of the evidence.

At the outset, we note that, regardless of the manner in which the case was submitted to the jury, our jurisdiction extends to all fact questions in the case, whether the jury has expressly or impliedly answered "Yes" or "No" to a particular question. *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646 (Tex.1988). We review the challenged negative findings according to the proper standards of review set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633–35 (Tex.1986).

Holloway's points of error one through 10 address the jury's negative findings to the issues regarding his causes of action against TMA for slander and publication of pleadings. In answers to pertinent special issues, the jury found that TMA, through its agents or employees: (1) did not orally communicate that Holloway was guilty of barratry (Special Issue No. 7); (2) did not orally communicate that Holloway filed frivolous malpractice cases (Special Issue No. 12); (3) did not orally communicate that Holloway filed malpractice cases to extort cash settlements or legal blackmail (Special Issue No. 17); (4) did not orally communicate that Holloway filed the Mary Morgan case without cause or belief that it was a valid cause of action (Special Issue No. 22); and (5) did not publish to any person or persons copies of the pleadings (Special Issue No. 27).

Holloway argues that the records admitted into evidence show as a matter of law that TMA communicated both slanderous statements and libels. In the alternative, he argues that the jury's answers were against the great weight and preponderance of the evidence.

Holloway contends that certain records contain judicial admissions by TMA mem-

bers or representatives. A review of the records indicates that they do not contain any of the alleged defamatory statements about which the special issues inquired; rather, they indicate only that TMA supported "in concept" Butler's attempt to change the law through his appeal to the supreme court, and that TMA contributed $1500 toward Butler's legal expenses.

Dr. Webb, who served as chairman of TMA's Professional Liability Committee, testified that in 1975–76, TMA expressly requested its members to bring to its attention any nonmeritorious lawsuit to which they had been subjected. He admitted that TMA offered its support and financial assistance in two such cases, one being the *Butler v. Holloway* suit. Prior to TMA's contribution, Butler went to Austin to present the merits of the case and the history of its legal proceedings to the executive group of the board of directors. However, no evidence was presented that TMA, or its representatives, orally communicated the alleged slanderous statements to any person or persons, and no evidence was presented that TMA even had copies of the petition, much less published them.

■ The evidence did not conclusively establish as a matter of law that TMA made the alleged slanderous statements or that it published the pleadings to any person or persons. Nor were the jury's findings against the great weight and preponderance of the evidence. Holloway's points of error one through 10 are overruled.

■ Holloway's points of error 11 and 12 address the jury's negative findings to the issue regarding his cause of action against TMA for civil conspiracy. In answer to Special Issue No. 32, the jury found that none of the defendants entered into a civil conspiracy to libel or defame Holloway.

Butler and Beech both testified that TMA was not involved with the suit or its appeal in any way, except with respect to the contribution. Both Butler and Beech denied that they had acted in concert with TMA in any regard, as did Mr. Keeton. Further, there was no evidence of a conspiracy by TMA and its members. The fact that TMA chose to support the appeal

on the "countersuit" is not conclusive evidence of a conspiracy to defame Holloway. Dr. Webb testified that TMA's decision to support Butler's appeal was based solely on its desire to change the law in Texas to provide a cause of action against attorneys who filed nonmeritorious lawsuits against physicians. The United States Supreme Court held in *NAACP v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963), that a non-profit organization's activities in supporting and financing litigation toward achieving lawful objectives are protected modes of expression under the First and Fourteenth Amendments.

The evidence did not establish as a matter of law that TMA was involved in any civil conspiracy to defame Holloway, and the jury's answers were not against the great weight and preponderance of the evidence. Holloway's points of error 11 and 12 are overruled.

Holloway's points of error 13 and 14 address the jury's negative findings as to acts of libel or defamation by TMA being the proximate cause of damages to Holloway. In view of the disposition of Holloway's previous points, it is not necessary to address these points.

■ Holloway's point of error 15 asserts that the trial court erred in denying him recovery against TMA because the jury's affirmative answers upon which judgment was entered against Butler and Beech would, as a matter of law, render TMA liable because the defamation by Butler, one of its members, arose out of activities condoned and supported by TMA. Our reversal of the judgment against Butler and Beech because of the existence of conditional privilege removes the basis for Holloway's argument that TMA must likewise be liable.

The argument also fails for several additional reasons. Although Butler admitted that he was a member of TMA, he denied that he was a representative or agent of the organization in any official capacity. Moreover, there was no issue submitted or requested inquiring whether Butler was an agent or employee of TMA. Butler testi-

fied that, except for its show of support for the concept in general and its financial assistance, TMA was not involved in his suit against Holloway.

Holloway's point of error 15 is overruled.

That portion of the judgment holding that appellant Holloway take nothing as to appellee Texas Medical Association is affirmed; that portion of the judgment granting judgment in favor of Holloway, as appellee, against appellants Butler and Beech is reversed, and judgment is rendered that appellee Holloway take nothing against appellants, Butler and Beech.