Hank VANDERKAM, Plaintiff,

v.

Frank CLARKE, Defendant.

Civil Action No. H–97–974.

United States District Court,
S.D. Texas.

Feb. 11, 1998.

Arno Schwamkrug, Sugar Land, TX, Terry Hanlon, Houston, TX, for Plaintiff.

Layne Kruse, Houston, TX, for Defendant.

Opinion on Dismissal

HUGHES, District Judge.

1. *Reporting Scandals.*

Hank Vanderkam served as executive director of CountyGlen, an Irish corporation. CountyGlen almost collapsed after questionable dealings in the international securities market, creating a public scandal. The Irish Minister of Enterprise and Employment petitioned the High Court of Ireland to appoint an inspector to investigate CountyGlen. The court appointed an attorney, Frank Clarke, to investigate CountyGlen and report his findings. The court bore all costs. Clarke delivered his written report to the court, and it ordered his report "published generally and circulated to the widest extent practica-

ble." The court specifically ordered the report sent to people who were interviewed.

Clarke's report criticized Vanderkam for his role in CountyGlen. Vanderkam now complains that Clarke defamed him with the report by his mailing it to the people he interviewed and by his mailing it to Vanderkam's legal clients in Texas after his tenure as inspector.

### 2. *Foreign Principals and Immune Agents.*

■ The Republic of Ireland is a foreign sovereign. The High Court of Ireland is a branch of it that acted within its jurisdiction in appointing Clarke, adopting his report, and ordering it published generally and delivered to the people interviewed. The court is immune from suit by Vanderkam for its actions because it acted within its jurisdiction as an agent of a foreign sovereign.

Clarke was an agent of the court. His publishing the report was within the scope of his duties. As an agent, Clarke is immune because his principal is immune. Foreign Sovereign Immunities Act, 28 U.S.C. § 1602–1611 (1997).

### 3. *Libel.*

■ Libel is the wrongful injury to reputation by public disclosure of a false defamatory statement of fact. It requires:

- A false statement is made.
- The statement is clearly understandable by disinterested people as derogatory.
- It is disclosed publicly (to someone other than the subject himself).
- It is disclosed outside of a context of legitimate interest of the speaker.
- The untruthful part of the statement must damage the plaintiff.

*A.H. Belo Corp. v. Rayzor,* 644 S.W.2d 71, 79 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Ramos v. Henry C. Beck Co.,* 711 S.W.2d 331, 335 (Tex.App.—Dallas 1986, no writ).

### 4. *Derivative Re–Publication.*

■ Assuming the report is false and defamatory, the court published the report when it ordered it "circulated to the widest extent practicable." Clarke did not make the report public by sending it to Vanderkam's legal clients; the court already had made it fully public. He may have widened the circle of actual knowledge of its contents, but something cannot be revealed twice. Clarke may have re-distributed public information after stepping down as inspector, but the negative data were already public.

If a library has a defamatory book in its collection, it is not a new defamation every time someone borrows it from the library. Once printed and distributed, the book is public. Re-distributing information is not publishing it. The word *publish* comes from the same root as *public.*

### 5. *Privilege.*

■ Assuming the report is false and defamatory, an attorney is absolutely privileged to publish defamatory matter as part of a judicial proceeding. *Russell v. Clark,* 620 S.W.2d 865, 868–70 (Tex.App.—Dallas 1981, writ ref'd n.r.e.). The communications and attorney must bear a plausible relation to the proceeding, and the communications must be in furtherance of the legal representation. *Id.* Clarke published the court's report as a direct part of his duties as an inspector. Clarke's mailing of his report to the people interviewed is absolutely privileged as part of a judicial proceeding. Assuming Clarke mailed it to others, he distributed it to people who bore a plausible relation to the judicial-regulatory purpose of the investigation and report.

### 6. *Conclusion.*

For these reasons—each independently sufficient—Vanderkam will take nothing from Clarke. As a lawyer, Vanderkam had to have a fair idea that his suit was simply an attempt to impose transaction costs on Clarke and the Irish Court. For his abuse of process, he will be assessed the expenses of Clarke's counsel.

An open system of courts is a significant component of effective law and liberty, but the openness must be tempered with summary process and sanction for clear mis-use.